**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUL 11 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL RAE MOORE-WHITE, | No. 10-16244 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-08077-NVW |
| v. | |
| FANN CONTRACTING, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted June 13, 2012
San Francisco, California

Before: HUG, RAWLINSON, and IKUTA, Circuit Judges.

Appellant Michael Rae Moore-White challenges the district court's grant of

summary judgment in favor of Appellee Fann Contracting, Inc. on the basis that

there was not a legally sufficient employment relationship between Moore-White

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and Fann.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court's ruling.

Moore-White failed to show that Fann's interference in her employment opportunities was significant enough to create the necessary employment relationship for Title VII liability as an indirect employer.  *See Anderson v. Pac. Mar. Ass'n*, 336 F.3d 924, 930 (9th Cir. 2003) (An indirect employment relationship may exist "where a defendant subject to Title VII interferes with an individual's employment opportunities with another employer.") (citation omitted); *see also Gomez v. Alexian Bros. Hosp.*, 698 F.2d 1019, 1021 (9th Cir. 1983) (holding that interference was sufficient to create an indirect employment relationship where the indirect employer declined to contract with plaintiff's direct employer for discriminatory reasons, costing the plaintiff a position as the medical director of an emergency room); *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 578, 581-82 (9th Cir. 2000) (en banc) (holding the same where the indirect employer, the State of California, implemented an allegedly discriminatory skills test that was a prerequisite for the plaintiffs to gain employment with their direct employers, the school districts).

**AFFIRMED.**

2